IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
WESTERN DIVISION

| | | |
|---|---|---|
| TEGRANT ALLOYD BRANDS, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 50041 |
| v. | ) ) ) | Judge Kapala  Magistrate Judge Mahoney |
| THE MERCHANT OF TENNIS, INC. d/b/a U.S. MERCHANTS, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
COUNT II OF THE AMENDED COMPLAINT**

In the Amended Complaint, Plaintiff alleges two breach of contract claims arising from Plaintiff's sale of goods to the Defendant. *See* Amended Complaint ("AC") Counts I & III. Plaintiff also asserts an unjust enrichment claim arising from the same allegations as the contract claims. *See* AC Count II. But the Seventh Circuit has held that an alleged contractual relationship between the parties forecloses an unjust enrichment claim. The unjust enrichment claim therefore fails as a matter of law and must be dismissed.

**I.  ALLEGATIONS OF THE AMENDED COMPLAINT**

Plaintiff alleges a commercial relationship between the parties based on the submission of purchase orders for and delivery of custom plastic thermoformed packaging. *See generally* AC & ¶ 6. Accepting Plaintiff's well-pled allegations as true for purposes of this motion, Defendant ordered plastic packaging from Plaintiff by sending a purchase order to Plaintiff. AC ¶ 8. Plaintiff mailed an invoice to Defendant confirming the purchase price and specifying terms. AC ¶ 8. Pursuant to the purchase orders, Plaintiff delivered plastic packaging to Defendant, and Defendant accepted delivery of the plastic packaging as tendered. AC ¶¶ 14-16 & Ex. A.

From March 23, 2007 through August 17, 2007, Plaintiff alleges that it shipped and invoiced Defendant for certain plastic packaging orders enumerated in the Amended Complaint. AC ¶ 9. Plaintiff alleges it has not received payment for the invoices and asserts breach of contract claims in Counts I and III. Count I is based on the alleged failure to pay invoices. Count III is based on the alleged cost of plastic material acquired to manufacture the products ordered by Defendants, and the cost of products not shipped to Defendants based on the alleged failure to pay invoices. AC ¶ 26.

In addition to these contract claims, Plaintiff seeks to recover from Defendant under an unjust enrichment theory. AC Count II. Plaintiff relies on the same contract allegations to support the unjust enrichment count: namely, that Defendant sent purchase orders for plastic packaging to Plaintiff, and that Plaintiff shipped plastic packaging to Defendant with invoices based on those orders. AC ¶¶ 20 (incorporating ¶¶ 8, 9) & 21. And Plaintiff seeks to recover the same alleged amount due under the unjust enrichment claim that it seeks under the first contract claim. *Compare* AC ¶ 24 *with* AC ¶ 19.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must clear two hurdles. First, the complaint must provide detail sufficient to give the defendant fair notice of the claim and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). "Second, the complaint's allegations must plausibly suggest above a speculative level that the plaintiff has a right to relief." *Id.* at 1965, 1973 n. 14. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965.

**III.    ARGUMENT**

The law is clear:  if an unjust enrichment claim rests on the breach of an express contract, the claim fails as a matter of law.  Here, Plaintiff's unjust enrichment claim arises from Defendant's alleged breach of its contract to purchase goods from Plaintiff.  The unjust enrichment claim therefore fails as a matter of law and must be dismissed.

The Seventh Circuit has held that claims for unjust enrichment are unavailable where the claim rests on the breach of an express contract.  *Shaw v. Hyatt Int'l Corp.*, 461 F.3d 899, 902 (7th Cir. 2006) (citing *Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 836 N.E.2d 681, 704, 296 Ill. Dec. 930 (Ill. App. 2005)).  A claim for unjust enrichment is based on a "contract implied in law" that "arises by implication of law wholly apart from the usual rules relating to contracts and does not depend upon the agreement or consent of the parties."  *Ameropan Oil Corp. v. Monarch Air Serv.*, No. 92 C 3450, 1994 U.S. Dist. LEXIS 3111, *21 (Mar. 14, 1994).  Such a claim cannot lie when a contract already exists between the parties.  *Id.* at 22 (citing *Industrial Lift Truck v. Mitsubishi Int'l*, 432 N.E.2d 999 (Ill. App. 1st Dist. 1982) ("When parties enter into a contract they assume certain risks with an expectation of a return.  …Quasi-contract is not a means for shifting a risk one has assumed under the contract.")).

Here, Plaintiff alleges the breach of a contract that was formed through purchase orders, confirmation, delivery and invoicing.  AC ¶¶ 8, 14-16.  Plaintiff cannot as a matter of law also allege unjust enrichment based on the same contractual relationship.  AC ¶¶ 20 (incorporating ¶¶ 8-9) & 21.  The contract allegations bar Plaintiff's attempt to recover through unjust enrichment.  *Wooley v. Jackson Hewitt, Inc.*, No. 07 C 2201, 2008 U.S. Dist. LEXIS 25088, *36 (N.D. Ill. Mar. 25, 2008) (granting motion to dismiss unjust enrichment claim arising from contractual relationship; to sufficiently plead claim, plaintiff "must allege the absence of a valid contract.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's unjust enrichment claim fails as a matter of law. Count II should therefore be dismissed with prejudice.

Dated: May 27, 2008                                  Respectfully submitted,


                                                     s/ Alison C. Conlon
                                                     One of the Attorneys for
                                                     ***The Merchant of Tennis, Inc. d/b/a U.S. Merchants***

Stephen J. Landes (1567411)
Alison C. Conlon (6272083)
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606-1229
Phone: (312) 201-2000
Fax:     (312) 201-2555

4

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on May 27, 2008, a true and correct copy of the foregoing **Memorandum of Law in Support of Defendant's Motion to Dismiss Count II of the Amended Complaint** was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

               /s/ Alison C. Conlon
               Alison C. Conlon (6272083)
               Wildman, Harrold, Allen & Dixon LLP
               225 West Wacker Drive, Suite 2800
               Chicago, Illinois 60606-1229
               Phone: (312) 201-2000
               Fax:  (312) 201-2555