UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| TEGRANT ALLOYD BRANDS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 08 C 50041 |
| ) | |
| THE MERCHANT OF TENNIS, INC. ) | Judge Kapala |
| d/b/a U.S. MERCHANTS, ) | Magistrate Judge Mahoney |
| ) | |
| Defendant. ) | |

## SECOND AMENDED COMPLAINT

Plaintiff, Tegrant Alloyd Brands, Inc. ("Tegrant"), by its attorneys, Seyfarth Shaw LLP, for its Second Amended Complaint against Defendant, The Merchant of Tennis, Inc. d/b/a U.S. Merchants, ("Merchant of Tennis") states as follows:

### NATURE OF ACTION

1.  This is an action for $ 1,773,844.91 owed by The Merchant of Tennis to Tegrant for products sold by Tegrant and received by The Merchant of Tennis.

### THE PARTIES

2.  Plaintiff, Tegrant, is a Delaware corporation with its principal place of business in DeKalb, Illinois.

3.  On information and belief, Defendant, The Merchant of Tennis, Inc., is a California corporation with principal place of business in Los Angeles, California.

### JURISDICTION

4.  This court has original jurisdiction of this action under 28 U.S.C. §1332(a)(1) because the parties are citizens of different states and the matter in controversy exceeds $75,000.

5.  Venue is proper in this district under 28 U.S.C. § 1441.

## BACKGROUND

6. At all relevant times, Tegrant has been engaged in the manufacture and sale of custom plastic thermoformed packaging. This packaging is commonly used in the retail sale of consumer goods.

7. At all relevant times, Defendant purchased Tegrant's custom plastic thermoforming packaging ( the "Products") for use in Defendant's business.

8. Defendant ordered the Products from Tegrant by sending a purchase order to Tegrant. Tegrant mailed an invoice to Defendant confirming the purchase price, and specifying terms of Net 75 days.

9. From March 23, 2007 through August 17, 2007, Tegrant shipped and invoiced Defendant for $1,659,107.85 in Products. Specifically, Tegrant shipped and invoiced Defendant for the following:

| Invoice No. | Date | Amount Invoiced |
| --- | --- | --- |
| 12583 | 3/23/2007 | 17,118.00 |
| 12601 | 3/26/2007 | 11,047.17 |
| 12611 | 3/27/2007 | 16,570.75 |
| 12622 | 3/27/2007 | 4,564.80 |
| 12656 | 3/28/2007 | 11,349.24 |
| 12669 | 3/28/2007 | 998.55 |
| 12733 | 3/30/2007 | 23,965.20 |
| 12734 | 3/30/2007 | 5,998.03 |
| 12743 | 4/2/2007 | 14,835.60 |
| 12746 | 4/2/2007 | 15,594.88 |
| 12755 | 4/3/2007 | 18,259.20 |
| 12757 | 4/3/2007 | 11,996.06 |
| 12820 | 4/5/2007 | 6,229.05 |
| 12821 | 4/5/2007 | 3,948.70 |
| 12822 | 4/5/2007 | 12,428.06 |
| 12823 | 4/5/2007 | 8,697.15 |
| 12871 | 4/10/2007 | 23,820.46 |

2

| | | |
|---|---|---|
| 12875 | 4/10/2007 | 8,197.31 |
| 12957 | 4/13/2007 | 95.10 |
| 12970 | 4/13/2007 | 19,193.70 |
| 12971 | 4/13/2007 | 12,272.71 |
| 13039 | 4/18/2007 | 16,794.49 |
| 13040 | 4/18/2007 | 5,706.00 |
| 13041 | 4/18/2007 | 5,230.50 |
| 13050 | 4/18/2007 | 2,757.90 |
| 13106 | 4/21/2007 | 7,997.38 |
| 13124 | 4/21/2007 | 11,996.06 |
| 13125 | 4/21/2007 | 7,845.75 |
| 13126 | 4/21/2007 | 1,141.20 |
| 13166 | 4/24/2007 | 17,118.00 |
| 13167 | 4/24/2007 | 12,553.20 |
| 13216 | 4/26/2007 | 4,469.70 |
| 13217 | 4/26/2007 | 25,106.40 |
| 13229 | 4/30/2007 | 333.22 |
| 13230 | 4/30/2007 | 13,633.92 |
| 13244 | 4/30/2007 | 299.90 |
| 13245 | 4/30/2007 | 14,835.60 |
| 13295 | 5/2/2007 | 17,042.40 |
| 13304 | 5/2/2007 | 12,553.20 |
| 13340 | 5/4/2007 | 15,906.24 |
| 13341 | 5/4/2007 | 11,996.06 |
| 13357 | 5/7/2007 | 1,999.34 |
| 13368 | 5/7/2007 | 27,267.84 |
| 13369 | 5/7/2007 | 20,659.89 |
| 13370 | 5/7/2007 | 1,332.90 |
| 13382 | 5/7/2007 | 4,564.80 |
| 13411 | 5/9/2007 | 19,314.72 |
| 13412 | 5/9/2007 | 3,998.69 |
| 13422 | 5/9/2007 | 5,998.03 |
| 13481 | 5/11/2007 | 1,514.88 |
| 13490 | 5/11/2007 | 1,569.15 |
| 13494 | 5/11/2007 | 999.67 |
| 13495 | 5/11/2007 | 17,194.36 |
| 13496 | 5/11/2007 | 6,697.80 |
| 13504 | 5/11/2007 | 9,700.20 |
| 13505 | 5/11/2007 | 20,303.85 |

| | | |
|---|---|---|
| 13511 | 5/14/2007 | 13,670.87 |
| 13519 | 5/14/2007 | 7,997.38 |
| 13526 | 5/14/2007 | 7,988.40 |
| 13542 | 5/15/2007 | 6,214.03 |
| 13551 | 5/15/2007 | 10,984.05 |
| 13552 | 5/15/2007 | 12,172.80 |
| 13578 | 5/16/2007 | 19,884.90 |
| 13585 | 5/16/2007 | 11,412.00 |
| 13622 | 5/18/2007 | 23,613.32 |
| 13637 | 5/18/2007 | 7,608.00 |
| 13649 | 5/21/2007 | 32,312.97 |
| 13728 | 5/24/2007 | 28,273.85 |
| 13741 | 5/25/2007 | 26,927.47 |
| 13773 | 5/29/2007 | 15,923.46 |
| 13778 | 5/29/2007 | 11,004.02 |
| 13844 | 5/31/2007 | 23,993.07 |
| 13868 | 6/1/2007 | 12,082.84 |
| 13869 | 6/1/2007 | 11,996.04 |
| 13892 | 6/4/2007 | 6,997.70 |
| 13893 | 6/4/2007 | 18,693.87 |
| 14241 | 6/27/2007 | 9,705.15 |
| 14242 | 6/27/2007 | 7,940.85 |
| 14265 | 6/27/2007 | 15,594.88 |
| 14266 | 6/27/2007 | 14,835.60 |
| 14306 | 6/28/2007 | 5,998.03 |
| 14307 | 6/28/2007 | 13,694.40 |
| 14340 | 6/29/2007 | 15,976.80 |
| 14368 | 7/2/2007 | 13,463.74 |
| 14369 | 7/2/2007 | 349.89 |
| 14370 | 7/2/2007 | 8,245.05 |
| 14371 | 7/2/2007 | 4,564.80 |
| 14382 | 7/3/2007 | 13,463.74 |
| 14383 | 7/3/2007 | 12,308.40 |
| 14424 | 7/5/2007 | 13,463.74 |
| 14425 | 7/5/2007 | 12,229.50 |
| 14426 | 7/5/2007 | 95.10 |
| 14459 | 7/6/2007 | 13,463.74 |
| 14460 | 7/6/2007 | 12,308.40 |
| 14491 | 7/9/2007 | 15,880.30 |

CH1 11492108.1

| | | |
|---|---|---|
| 14492 | 7/9/2007 | 9,744.15 |
| 5597951 | 3/23/2007 | 18,909.44 |
| 5598031 | 3/27/2007 | 21,756.60 |
| 5598074 | 3/29/2007 | 22,347.52 |
| 5598100 | 3/29/2007 | 6,876.16 |
| 5598121 | 3/29/2007 | 13,430.00 |
| 5598198 | 3/30/2007 | 11,066.32 |
| 5598201 | 3/30/2007 | 10,314.24 |
| 5598821 | 4/19/2007 | 8,541.48 |
| 5598837 | 4/19/2007 | 22,347.52 |
| 5599480 | 5/9/2007 | 22,347.52 |
| 5599564 | 5/11/2007 | 17,190.40 |
| 5599565 | 5/11/2007 | 4,512.48 |
| 5599618 | 5/14/2007 | 21,702.88 |
| 5599671 | 5/15/2007 | 14,826.72 |
| 5599673 | 5/15/2007 | 6,876.16 |
| 5599733 | 5/18/2007 | 23,207.04 |
| 5599902 | 5/23/2007 | 4,029.00 |
| 5600167 | 5/30/2007 | 22,347.52 |
| 5600197 | 5/31/2007 | 21,864.04 |
| 5601003 | 6/27/2007 | 22,347.52 |
| 5601023 | 6/27/2007 | 22,347.52 |
| 5601085 | 6/27/2007 | 22,347.52 |
| 5601174 | 6/29/2007 | 15,525.08 |
| 5601193 | 6/29/2007 | 6,446.40 |
| 5601204 | 6/29/2007 | 21,702.88 |
| 5601477 | 7/11/2007 | 22,347.52 |
| 5601515 | 7/12/2007 | 21,649.16 |
| 5601528 | 7/12/2007 | 18,211.08 |
| 14882 | 7/30/2007 | 355.05 |
| 14887 | 7/30/2007 | 499.84 |
| 14889 | 7/30/2007 | 4,142.69 |
| 15082 | 8/10/2007 | 19,875.90 |
| 15087 | 8/10/2007 | 8,330.60 |
| 15132 | 8/14/2007 | 10,270.80 |
| 15133 | 8/14/2007 | 12,553.20 |
| 15135 | 8/14/2007 | 6,371.70 |
| 15195 | 8/17/2007 | 13,884.60 |
| | **TOTAL** | **1,659,107.85** |

5

CH1 11492108.1

10. The invoices memorializing the above transactions are attached hereto as Exhibits A, A-1, A-2, A-3, A-4, A-5, A-6 and A-7.

11. To date, Tegrant has not received payment for any of the invoices listed in paragraph 9.

12. Despite requests, Defendant has never paid the invoices listed in paragraph 9.

## COUNT I
### (Breach of Contract)

13. Tegrant repeats and realleges the allegations of paragraphs 1 through 12 as and for its allegations for paragraph 13 of this Count I.

14. Defendant placed orders with Tegrant for the Products.

15. Pursuant to those orders, Tegrant delivered the Products to Defendant.

16. Defendant accepted delivery of the Products as tendered.

17. Pursuant to delivery and acceptance of the Products as described above, Tegrant sent to Defendant the invoices listed in paragraph 9.

18. Defendant has breached the contract by failing to pay those invoices within 75 days.

19. Defendant owes Tegrant $ 1,659,107.85.

## COUNT II
### (Unjust Enrichment – Plead in the Alternative to Count I)

20. Tegrant repeats and realleges the allegations of paragraphs 1 through 6 and 9 through 12 as and for its allegations for paragraph 20 of this Count II.

21. In the alternative to Count I, even if there is no enforceable contractual obligation on the part of Defendant to pay Tegrant for its Products, Tegrant is entitled to recover from Defendant under the equitable doctrine of unjust enrichment.

CH1 11492108.1

22. Tegrant has provided the Products to Defendant and invoiced Defendant for such Products. Defendant has gained a benefit from the Products provided by Tegrant, recognized such benefit, and appreciated the gain from such benefit, by using such Products in Defendant's business, without paying for such Products.

23. There is an amount due from Defendant to Tegrant for the Products provided by Tegrant. Tegrant has demanded payment from Defendant, but Defendant has wrongfully refused to pay Tegrant the amount due.

24. By refusing to pay amounts due Tegrant for the Products provided, Defendant retained a benefit under circumstances that would be unjust.

25. Defendant owes Tegrant $ 1,659,107.85.

## COUNT III
### (Breach of Contract)

26. Tegrant repeats and realleges the allegations of paragraphs 1 through 12 as and for its allegations for paragraph 26 of this Count III.

27. In addition to the Products that were ordered, invoiced and shipped as described in paragraph 9, Defendant owes Tegrant for the plastic material in stock which had been acquired to manufacture the Products ordered by Defendant, and the Products manufactured by Tegrant but not shipped to Defendant because of Defendant's refusal to pay for the Products described in paragraph 9.

28. Tegrant cannot use the plastic material in stock because Tegrant does not use the plastic material for Products other than ordered by Defendant. Tegrant cannot otherwise sell the Products manufactured for Defendant because there is no other market for the manufactured Products.

7

29.     Tegrant remains ready willing and able to ship the Products ordered by Defendant upon receipt of payment for the Products.

30.     As of March 7, 2007, Defendant owes to Tegrant $109,725.34 for the plastic material in stock and $5,011.72 for the Products manufactured for but not shipped to Defendant.

WHEREFORE, Tegrant Alloyd Brands, Inc. prays for the following relief:

(A)     a judgment in favor of Tegrant Alloyd Brands, Inc. and against The Merchant of Tennis, Inc. d/b/a U.S.Merchants, for $1,773,844.91 and prejudgment interest; and,

(B)     such further relief as the Court deems just and proper.

Respectfully submitted,

TEGRANT ALLOYD BRANDS, INC.


By:___s/ Jeffrey P. Swatzell_____
       One of Its Attorneys

Dated: June 3, 2008

John J. O'Malley
Jeffrey P. Swatzell
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 3, 2008, a true and correct copy of the foregoing SECOND AMENDED COMPLAINT was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/EF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                                                        s/ Jeffrey P. Swatzell

John J. O'Malley
Jeffrey P. Swatzell
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois
Phone: (312) 460-5000

Attorneys for Tegrant Alloyd Brands, Inc.

CH1 11492108.1