IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
WESTERN DIVISION

| | | |
|---|---|---|
| TEGRANT ALLOYD BRANDS, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 08 C 50041 |
| v. | ) ) ) | Judge Kapala<br>Magistrate Judge Mahoney |
| THE MERCHANT OF TENNIS, INC. d/b/a U.S. MERCHANTS, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDU M OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT II OF THE SECOND AMENDED COMPLAINT**

Plaintiff's previous pleading alleged claims for breach of contract and unjust enrichment. When Defendant moved to dismiss the unjust enrichment claim as incompatible with the contract claim under Illinois law, Plaintiff opted to amend its pleading rather than defend against the motion. But the Second Amended Complaint merely repleads the unjust enrichment claim in the alternative. Plaintiff needs to plead certain facts in order to sustain a cause of action for breach of contract. Much to Plaintiff's dismay, these same facts bar it from asserting a claim for unjust enrichment. Despite its ongoing efforts to reconcile the two claims, no amount of supplemental verbiage or "key phrases" can save Plaintiff's unjust enrichment count. Simply stated, Illinois law forces Plaintiff to choose one cause of action or the other at the pleading stage, thwarting Plaintiff's attempt to plead them both.

"Unjust enrichment is a 'quasi-contract' theory that permits courts to imply the existence of a contract where none exists in order to prevent unjust results." *Wooley v. Jackson Hewitt, Inc.*, No. 07 C 2201, 2008 U.S. Dist. LEXIS 25088, *34 (N.D. Ill. Mar. 25, 2008). The very existence of unjust enrichment (as a quasi-contractual remedy) presupposes the absence of a

contract governing the parties' relationship. But Plaintiff's entire case is predicated on the existence of a contract in the form of purchase orders for and acceptance and delivery of products. This is made clear in Plaintiff's general allegations and its breach of contract counts. In pleading unjust enrichment, Plaintiff switches gears and tries to argue that there were no purchase orders and, as such, no contract between the parties. To do so, Plaintiff simply deletes all references to purchase orders in its unjust enrichment count. These efforts are wasted, however, as the invoices upon which Plaintiff relies in its unjust enrichment count specifically reference and incorporate the purchase orders back into the unjust enrichment claim. Under Illinois law, courts must dismiss such unjust enrichment claims that rely on the same allegations that support contract claims, even where unjust enrichment is pled in the alternative. The unjust enrichment claim fails as a matter of law and must be dismissed.

I.      ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

Plaintiff alleges a commercial relationship between the parties based on the submission of purchase orders for and delivery of custom plastic thermoformed packaging. *See generally* Second Amended Complaint ("SAC") & ¶ 6. Accepting Plaintiff's well-pled allegations as true for purposes of this motion, Defendant ordered plastic packaging from Plaintiff by sending a purchase order to Plaintiff. SAC ¶ 8. Plaintiff allegedly mailed an invoice to Defendant confirming the purchase price and specifying terms. SAC ¶ 8. Plaintiff alleges that pursuant to the purchase orders, Plaintiff delivered plastic packaging to Defendant and Defendant accepted delivery of the plastic packaging as tendered. SAC ¶¶ 14-16 & Ex. A.

From March 23, 2007 through August 17, 2007, Plaintiff alleges that it shipped and invoiced Defendant for certain plastic packaging orders enumerated in the Second Amended Complaint. SAC ¶ 9. Plaintiff alleges it has not received payment for the invoices and asserts

breach of contract claims in Counts I and III. Count I is based on the alleged failure to pay invoices. Count III is based on the alleged cost of plastic material acquired to manufacture the products ordered by Defendants, and the cost of products not shipped to Defendants based on the alleged failure to pay invoices. SAC ¶ 27.

In addition to these contract claims, Plaintiff seeks to recover from Defendant under an unjust enrichment theory. SAC Count II. Plaintiff amended its prior unjust enrichment count by pleading it in the alternative to Count I. SAC ¶ 21. Plaintiff also attempts to exclude "contract" language from Count II: namely, that Defendant sent purchase orders for plastic packaging to Plaintiff, and that Plaintiff shipped plastic packaging to Defendant with invoices based on those orders. SAC ¶ 20 (excluding ¶¶ 7, 8).

Notwithstanding Plaintiff's effort to avoid "contract language," Count II of the Second Amended Complaint incorporates general allegations ¶¶ 9-12 that explicitly reference and list invoices for the products that Plaintiff allegedly shipped to the Defendant. SAC ¶ 20 (incorporating ¶¶ 9-12). Plaintiff attached the referenced invoices as exhibits to its Second Amended Complaint. SAC ¶ 10; Exhibits A, A-1, A-2, A-3, A-4, A-5, A-6 and A-7. The invoices specifically refer to individual purchase order numbers—the very purchase orders that form the basis of the allegations in paragraphs 7 and 8 of the SAC and that Plaintiff attempted to exclude from its unjust enrichment count. By virtue of its allegations that the Plaintiff invoiced the Defendant for goods, Plaintiff admits the existence of the purchase orders referenced therein. As such, Plaintiff has expressly incorporated into the unjust enrichment count the very purchase orders that form the basis of the contract claims. Exhibits A through A-7.

3

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must clear two hurdles. First, the complaint must provide detail sufficient to give the defendant fair notice of the claim and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). "Second, the complaint's allegations must plausibly suggest above a speculative level that the plaintiff has a right to relief." *Id.* at 1965, 1973 n. 14. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965.

## III. ARGUMENT

The law is clear: if an unjust enrichment claim rests on the breach of an express contract, the claim fails as a matter of law. Here, as evidenced by Plaintiff's own allegations and exhibits, its unjust enrichment claim arises from Defendant's alleged breach of its contract to purchase goods from Plaintiff. The unjust enrichment claim therefore fails as a matter of law and must be dismissed.

The Seventh Circuit has held that claims for unjust enrichment are unavailable where the claim rests on the breach of an express contract. *Shaw v. Hyatt Int'l Corp.*, 461 F.3d 899, 902 (7th Cir. 2006) (citing *Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 836 N.E.2d 681, 704, 296 Ill. Dec. 930 (Ill. App. 2005)). A claim for unjust enrichment is based on a "contract implied in law" that "arises by implication of law wholly apart from the usual rules relating to contracts and does not depend upon the agreement or consent of the parties." *Ameropan Oil Corp. v. Monarch Air Serv.*, No. 92 C 3450, 1994 U.S. Dist. LEXIS 3111, *21 (Mar. 14, 1994). Such a claim cannot lie when a contract already exists between the parties. *Id.* at 22 (citing *Industrial Lift Truck v. Mitsubishi Int'l*, 432 N.E.2d 999 (Ill. App. 1st Dist. 1982) ("When parties enter into

4

a contract they assume certain risks with an expectation of a return. ...Quasi-contract is not a means for shifting a risk one has assumed under the contract.").

Here, Plaintiff alleges the breach of a contract that was formed through purchase orders (offers), acceptance and delivery. SAC ¶¶ 8-12, 14-16. Plaintiff cannot, as a matter of law, also allege unjust enrichment based on the same contractual relationship. SAC ¶¶ 20 (incorporating ¶¶ 9-12) & 22. The contract allegations bar Plaintiff's attempt to recover through unjust enrichment. *Wooley*, 2008 U.S. Dist. LEXIS 25088 at *36 (granting motion to dismiss unjust enrichment claim arising from contractual relationship; to sufficiently plead claim, plaintiff "must allege the absence of a valid contract.").

While Plaintiff tries to avoid this fate by attempting to plead unjust enrichment in the alternative, it is incapable of doing so. *See Lyssenko v. Int'l. Titanium Powder, L.L.C.*, 2008 U.S. Dist. LEXIS 37295, *5-6 (N.D. Ill. May 6, 2008) (pleading unjust enrichment in the alternative may be possible "in the abstract," but where plaintiff relies on a breach of contract claim to support his unjust enrichment claim, dismissal is warranted); *Citadel Group Ltd. v. Sky Lakes Med. Ctr., Inc.*, 2008 U.S. Dist. LEXIS 35306, * 20-21 (N.D. Ill. April 30, 2008) ("when a party has incorporated allegations of a specific contract into an unjust enrichment claim, courts in this district have granted motions to dismiss those unjust enrichment claims."); *Indeck Power Equip. v. Ring Power Co.*, 2004 WL 407023 (N.D. Ill. Jan. 30, 2004) (dismissing an unjust enrichment claim where plaintiff "pled itself out of court" by admitting that it had entered into written purchase order agreements). Plaintiff here cannot make a claim for unjust enrichment where it admits that its exchange of products with Defendant was governed by purchase orders. Citing to the purchase orders, Plaintiff has no cause of action for unjust enrichment. Plaintiff may choose

to pursue one claim or the other, but under Illinois law and the circumstances of this case, it cannot pursue both.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff cannot colorably plead unjust enrichment. That claim fails as a matter of law, and Count II should therefore be dismissed with prejudice.

Dated: June 27, 2008                                        Respectfully submitted,


                                                            s/ Alison C. Conlon
                                                            One of the Attorneys for
                                                            ***The Merchant of Tennis, Inc. d/b/a U.S. Merchants***

Stephen J. Landes (1567411)
Alison C. Conlon (6272083)
Jeremy Goldkind (6282972)
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 2800
Chicago, Illinois 60606-1229
Phone: (312) 201-2000
Fax:   (312) 201-2555

## CERTIFICATE OF SERVICE

    The undersigned certifies that on June 27, 2008, a true and correct copy of the foregoing **Memorandum of Law in Support of Defendant's Motion to Dismiss Count II of the Second Amended Complaint** was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                                     /s/ Alison C. Conlon
                                     Alison C. Conlon (6272083)
                                     Wildman, Harrold, Allen & Dixon LLP
                                     225 West Wacker Drive, Suite 2800
                                     Chicago, Illinois 60606-1229
                                     Phone: (312) 201-2000
                                     Fax:    (312) 201-2555