UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| TEGRANT ALLOYD BRANDS, INC., Plaintiff, | ) | |
| v. | ) | No. 08 C 50041 |
| THE MERCHANT OF TENNIS, INC. d/b/a U.S. MERCHANTS, Defendant. | ) | Judge Kapala<br>Magistrate Judge Mahoney |

**RULE 26(a)(1) INITIAL DISCLOSURES**

Tegrant Alloyd Brands, Inc. ("Tegrant"), plaintiff, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, submits the following disclosures:

## A. WITNESSES

The individuals identified below are likely to have discoverable information that Tegrant may use to support its claims based on Tegrant's investigation to date. Tegrant's investigation into these matters and discovery in this action is ongoing. Accordingly, Tegrant reserves its right to supplement this list in accordance with Rule 26 of the Federal Rules Civil Procedure.

1. **Tom Gordon**, Vice President Sales (formerly National Sales Manager) Tegrant

Mr. Gordon is likely to have discoverable information regarding:

(a) Negotiations with The Merchant of Tennis, Inc.;

(b) The placement of orders by The Merchant of Tennis, Inc.;

(c) The manufacture of packaging for The Merchant of Tennis, Inc.;

(d) The shipment of packaging to The Merchant of Tennis, Inc.;

(e) The preparation and sending of invoices to The Merchant of Tennis, Inc.;

(f) Conversations and meetings with individuals employed by The Merchant of Tennis, Inc.; and,

(g) Tegrant's damages.

**2.** **William M. Kelly**, President
Tegrant

Mr. Kelly is likely to have discoverable information regarding:

(a) Negotiations with The Merchant of Tennis, Inc.;

(b) Conversations and meetings with individuals employed by The Merchant of Tennis, Inc.; and,

(c) Tegrant's damages.

**3.** **John Murphy**, Director of Packaging and Design Tool (formerly Plant Manager)
Tegrant

Mr. Murphy is likely to have discoverable information regarding:

(a) Negotiations with The Merchant of Tennis, Inc.;

(b) The placement of orders by The Merchant of Tennis, Inc.;

(c) The manufacture of packaging for The Merchant of Tennis, Inc.;

(d) The shipment of packaging to The Merchant of Tennis, Inc.;

(e) Conversations and meetings with individuals employed by The Merchant of Tennis, Inc.; and,

(f) Tegrant's damages.

**4.** **Joy Butzke**, Credit and Collections Supervisor
Tegrant

Ms. Butzke is likely to have discoverable information regarding

(a) The preparation and sending of invoices to The Merchant of Tennis, Inc.;

(b) Conversations and meetings with individuals employed by The Merchant of Tennis, Inc.; and,

(c) Tegrant's damages.

5. **Jodie Button**, Procurement Manager
Tegrant

Ms. Button is likely to have discoverable information regarding:

(a) Negotiations with The Merchant of Tennis, Inc.;

(b) The placement of orders by The Merchant of Tennis, Inc.;

(c) The manufacture of packaging for The Merchant of Tennis, Inc.;

(d) The shipment of packaging to The Merchant of Tennis, Inc.;

(e) Conversations and meetings with individuals employed by The Merchant of Tennis, Inc.; and,

(f) Tegrant's damages.

6. **Giaia Ludwig**, Technical Team Project Sales Engineer (formerly Sales Engineer)
Tegrant

Ms. Ludwig is likely to have discoverable information regarding:

(a) The placement of orders by The Merchant of Tennis, Inc.;

(b) The manufacture of packaging for The Merchant of Tennis, Inc.;

(c) The shipment of packaging to The Merchant of Tennis, Inc.;

(d) The preparation and sending of invoices to The Merchant of Tennis, Inc.;

(e) Tegrant's damages.

7. **Nancy Strauss**, Project Manager
Tegrant

Ms. Strauss is likely to have discoverable information regarding:

(a) Negotiations with The Merchant of Tennis, Inc.;

(b) The placement of orders by The Merchant of Tennis, Inc.;

(c) The manufacture of packaging for The Merchant of Tennis, Inc.;

(d) The shipment of packaging to The Merchant of Tennis, Inc.;

(e) The preparation and sending of invoices to The Merchant of Tennis, Inc.;

(f) Conversations and meetings with individuals employed by The Merchant of Tennis, Inc.; and,

(g) Tegrant's damages.

**8. Tami Davis**
Tegrant

Ms. Davis is likely to have discoverable information regarding:

(a) Negotiations with The Merchant of Tennis, Inc.;

(b) The placement of orders by The Merchant of Tennis, Inc.;

(c) The manufacture of packaging for The Merchant of Tennis, Inc.;

(d) The shipment of packaging to The Merchant of Tennis, Inc.;

(e) The preparation and sending of invoices to The Merchant of Tennis, Inc.;

(f) Conversations and meetings with individuals employed by The Merchant of Tennis, Inc.; and,

(g) Tegrant's damages.

**9. Stephen Schiera**, Vice President of Operations (formerly Director of Operations)
Tegrant

Mr. Schiera is likely to have discoverable information regarding:

(a) The placement of orders by The Merchant of Tennis, Inc.;

(b) The manufacture of packaging for The Merchant of Tennis, Inc.;

(c) The shipment of packaging to The Merchant of Tennis, Inc.;

**10. Jeff Green**, President
The Merchant of Tennis

Mr. Green is likely to have discoverable information regarding:

(a) The Merchant of Tennis, Inc.'s business with Tegrant; and,

(b) Conversations and meetings with individuals employed with Tegrant.

**11.** **Catalin Oprisan**, Account
The Merchant of Tennis

Ms. Oprisan is likely to have discoverable information regarding:

(a) The Merchant of Tennis, Inc.'s business with Tegrant; and,

(b) Conversations and meetings with individuals employed with Tegrant.

**12.** **Emily Wong**, Project coordinator
The Merchant of Tennis

Ms Wong is likely to have discoverable information regarding:

(a) The Merchant of Tennis, Inc.'s business with Tegrant; and,

(b) Conversations and meetings with individuals employed with Tegrant.

**13.** **Justin Butler**, Purchasing Manager
The Merchant of Tennis

Mr. Butler is likely to have discoverable information regarding:

(a) The Merchant of Tennis, Inc.'s business with Tegrant; and,

(b) Conversations and meetings with individuals employed with Tegrant.

**B. DOCUMENTS**

The following is a description by category, of all documents, data computations and tangible things that are in the possession, custody or control of Tegrant that Tegrant may use to support its claims based on its investigation to date. Tegrant's investigation into these matters and discovery in this matter is ongoing. Accordingly, Tegrant reserves its right to supplement this list in accordance with Rule 26 of the Federal Rules of Civil Procedure.

(a) Invoices sent to The Merchant of Tennis, Inc.;

(b) Correspondence and emails between Tegrant and The Merchant of Tennis, Inc.

## C. DAMAGES AND COMPUTATIONS

Tegrant seeks $1,773,844.91 plus interest and costs for goods sold and received but not paid for by The Merchant of Tennis, Inc. The invoices supporting the computation were attached as Exhibits A through A-7 to the Amended Complaint.

## D. INSURANCE AGREEMENT

Counsel is unaware of any applicable insurance agreements.

Respectfully submitted,

TEGRANT ALLOYD BRANDS, INC.

By: s/ Jeffrey P. Swatzell
One of Its Attorneys

John J. O'Malley
Jeffrey P. Swatzell
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 1, 2008, a true and correct copy of the foregoing RULE 26(A)(1) INITIAL DISCLOSURES was electronically filed with the Clerk of the Court for the Northern District of Illinois using the CM/EF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

s/ Jeffrey P. Swatzell

John J. O'Malley
Jeffrey P. Swatzell
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois
Phone: (312) 460-5000

Attorneys for Tegrant Alloyd Brands, Inc.